IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,735-04






EX PARTE TONY RAY JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-31,689-B IN THE 70TH JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to ninety-nine years' imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Jones v. State, No. 11-05-00235-CR (Tex. App. - Eastland, August 9, 2007,
pet. ref'd)).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel allowed a hearing to be conducted pursuant to Rule 412 of the Texas Rules of Evidence
without Applicant's presence, failed to conduct adequate voir dire or exercise strikes to eliminate
biased jurors, and failed to retain a defense expert on false allegations of sexual abuse. Applicant
also alleges that appellate counsel was denied a complete record on appeal, and had inadequate time
to prepare the appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial and appellate counsel with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial transcript,
including pre-trial motions and hearings, and voir dire. The trial court shall make findings of fact
as to whether a hearing was conducted prior to trial pursuant to Rule 412, and if so, whether
Applicant and/ or his trial attorney were present during the hearing. The trial court shall make
findings as to whether the record of any such hearing was sealed. The trial court shall make findings
as to whether appellate counsel's motion to unseal the record of such hearing was ruled upon, and
if so, whether the motion was denied and on what basis. The trial court shall make findings as to
whether trial counsel allowed jurors to be empaneled who were employees of Harmony House, or
were members of a drug task force involved in the arrest of applicant's wife on unrelated charges. 
The trial court shall make findings as to whether counsel requested appointment of defense expert,
and if so, whether such request was granted or denied. The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. 

 The trial court shall also make findings as to whether appellate counsel had adequate time
to prepare Applicant's appeal, and whether appellate counsel had access to a complete record upon
which to prepare the appeal. The trial court shall make findings as to whether the performance of
Applicant's appellate attorney was deficient, and, if so, whether appellate counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within one hundred and twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: February 16, 2011

Do not publish